

Sheila Bertin
2001 Hardwick Court
Conyers, GA 30013

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SHEILA BERTIN,

    Plaintiff pro se,

v.

PFG MORTGAGE TRUST,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,

    Defendants.

CIVIL ACTION FILE

NO. 1:10-CV-02098-RWS-WEJ

## FINAL REPORT AND RECOMMENDATION

This matter is before the Court on the pending Motion to Dismiss Plaintiff's Complaint in its Entirety as to Defendant PFG Mortgage Trust I [5].[1] Plaintiff Sheila Bertin filed the Complaint [1] on July 7, 2010, and the instant Amended Complaint for Permanent Injunction for Cease and Desist and Other Equitable Relief [3] on September 3, 2010. The Amended Complaint alleges violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et. seq., including 12 C.F.R. § 226.1 et seq. ("Regulation Z"), the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C.

---

[1] PFG Mortgage Trust I ("PFG") notes that plaintiff incorrectly identified it as PFG Mortgage Trust. (Mot. Dismiss 1.) Additionally, the Court notes that Mortgage Electronic Registration Systems, Inc. ("MERS") did not join the instant Motion. Nevertheless, the Court's analysis applies to both defendants, as the Amended Complaint fails to distinguish which defendant committed the alleged violations.

§ 2601 et. seq., section 5 of the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 45, the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 et. seq., the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et. seq., and a state law breach of contract claim. (Am. Compl. 2-3, 9-16.)[2] Plaintiff also seeks to rescind the loan. (Id. at 3, 23.) For the reasons discussed below, the undersigned **RECOMMENDS** that PFG's Motion be **GRANTED** as to all claims, and that this action be **DISMISSED**.[3]

## I.   THE COMPLAINT

The Amended Complaint focuses on explaining the banking industry, mortgage lending, and securitization of loans. The Court includes the few allegations specific to the transaction at issue below.

---

[2] The Court refers to the Amended Complaint's page numbers, as all paragraphs are not numbered and those that are have duplicate numbering.

[3] The Amended Complaint also states that "[p]laintiff intend[s] to file . . . a counterclaim for damages" for RICO violations, usury, various forms of fraud, and malicious abuse of process. (Am. Compl. 3.) Plaintiff has not filed a second amended complaint and her instant Amended Complaint does not allege facts in support of such claims. Moreover, plaintiff failed to respond to PFG's Motion to Dismiss all claims. See N.D. Ga. R. 7.1(B) ("Failure to file a response shall indicate that there is no opposition to the motion."). Therefore, those unsupported allegations must fail.

2

Plaintiff obtained a $417,000 loan from Bayrock Mortgage Corporation ("Bayrock") on January 31, 2007. (Mot. Dismiss Ex. 1 [5-2] (Adjustable Rate Note).)[4] To secure that debt, plaintiff executed a Security Deed conveying an interest to Bayrock in the property at issue (2001 Hardwick Court, Conyers, Georgia 30013). (Am. Compl. 2; Mot. Dismiss Ex. 2 [5-2] (Security Deed).)

According to plaintiff, she was "tricked" into the loan, she did not receive all documents and disclosures required by TILA prior to closing the loan, and the loan was transferred to Taylor, Bean & Whitaker Mortgage Corporation without notice to her. (Am. Compl. 2.) Plaintiff alleges that the loan was assigned to MERS and it is the grantee under the Security Deed. (Id. at 3; see also Mot. Dismiss Ex. 2.)[5]

On August 4, 2009, PFG concluded a non-judicial foreclosure on the property in which PFG was the highest bidder in the amount of $385,000. (Mot. Dismiss Ex.

---

[4] The Amended Complaint alleges that plaintiff obtained the loan on July 31, 2007. (Am. Compl. 1.) However, PFG attached a copy of the note, dated January 31, 2007, to its Motion to Dismiss. Because the Complaint refers to plaintiff's note and it is central to her claims, the Court may consider that document as part of the pleadings for the purpose of dismissal under Rule 12(b)(6) without converting PFG's motion into a motion for summary judgment. See Brooks v. Blue Cross & Blue Shield, Inc., 116 F. 3d 1364, 1369 (11th Cir. 1997) (per curiam).

[5] On February 27, 2009, MERS assigned the Security Deed to PFG. (Mot. Dismiss Ex. 3 [5-3].)

3

5 [5-3] (Deed Under Power of Sale).) On September 1, 2009, the Superior Court of Rockdale County, Georgia, accepted for filing a Deed Under Power of Sale documenting the transaction between Ms. Bertin and PFG. (Id.)[6]

On July 7, 2010, plaintiff filed the Complaint, which she amended on September 3, 2010. (See Compl.; Am. Compl.) Plaintiff alleges that "[a] 'Qualified Written Request' was given to the Servicer and more than 20 days [have] passed with no response from the Servicer as Required. (See Exhibit "B") Rescission Letter and Return Receipt." (Am. Compl. 2.)[7] According to plaintiff, the loan should be rescinded. (Id. at 3.)

On October 27, 2010, PFG filed its Motion to Dismiss, requesting that this case be dismissed with prejudice or, in the alternative, plaintiff be required to restate her

---

[6] Although the Complaint does not mention the Deed Under Power of Sale, the Court may consider that document because it is central to plaintiff's RESPA claims and she has not disputed its authenticity. See Maxcess, Inc. v. Lucent Techs, Inc., 433 F.3d 1337, 1340 n.3 (11th Cir. 2005) (per curiam) ("[A] document outside the four corners of the complaint may still be considered [on a motion to dismiss] if it is central to the plaintiff's claims and is undisputed in terms of authenticity."

[7] Plaintiff filed the Amended Complaint on September 3, 2010, which she verified on September 2, 2010. (Am. Compl. 43.) Plaintiff attached to the Amended Complaint is an undated Affidavit of Rescission which includes Ms. Bertin's request to PFG for information regarding the note. (Id. 35-43.)

4

claims. (Mot. Dismiss.)[8] As of the date of this Report and Recommendation, plaintiff has failed to respond, and the time to do so has expired.

## II. STANDARD OF REVIEW

A motion to dismiss does not test the merits of a case, but only requires that "the plaintiff's factual allegations, when assumed to be true, 'must be enough to raise a right to relief above the speculative level.'" Mills v. Foremost Ins. Co., 511 F.3d 1300, 1303 (11th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Although Fed. R. Civ. P. 8(a)(2) only requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. The claim must include well-pled factual allegations, which if true, "plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1950 (2009). "[T]he rule 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough fact to raise a reasonable expectation that

---

[8] In addition to plaintiff's numbered counts, PFG interprets the Amended Complaint as challenging its right to foreclose on the property. (See Mem. Supp. Mot. Dismiss 8.) The Court disagrees. Plaintiff clearly labeled eleven counts in the Complaint, in addition to articulating a RESPA claim and requesting rescission of the loan. Accordingly, the Court does not interpret the confusing hodgepodge of incomplete sentences regarding assignment and satisfaction of mortgages in Georgia to assert a claim for wrongful foreclosure. (See Am. Compl. 3-5.)

5

discovery will reveal evidence of' the necessary element." Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295-96 (11th Cir. 2007) (quoting Twombly, 550 U.S. at 556). Moreover, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. ___, 129 S. Ct. at 1949; see also Harrison v. Benchmark Elecs. Huntsville, Inc., 593 F.3d 1206, 1214 (11th Cir. 2010) (applying Twombly and Iqbal).

## III.  DISCUSSION

### A.  FTCA Claims (Counts I-III and X)

Ms. Bertin alleges that defendants misrepresented the amount she owed on the note, and engaged in unfair and deceptive acts while servicing the loan in violation of the FTCA. (Am. Compl. 9-11, 16.) Section 5 of the FTCA defines unfair methods of competition and unfair or deceptive practices, and empowers the Federal Trade Commission (the "Commission") to prevent such acts. See generally 15 U.S.C. § 45. Section 5 also empowers the Commission to enforce the FTCA through civil actions, id. § 45(m), but does not provide for private actions. Fulton v. Hecht, 580 F.2d 1243, 1248 n.2 (5th Cir. 1978);[9] Holloway v. Briston-Meyers Corp., 485 F.2d 986, 992-1002

---

[9] The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions handed down before the close of business on September 30, 1981. Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc).

6

(D.C. Cir. 1973) (reviewing legislative history in support of conclusion that private actions could not be maintained under FTCA). Thus, even assuming defendants violated the FTCA, plaintiff may not bring a private action; only the Commission may do so. Accordingly, Ms. Bertin's FTCA claims must fail.

**B.     FDCPA claims (Count IV-VII)**

Ms. Bertin alleges defendants violated the FDCPA by repeatedly calling her, and failing to identify themselves while attempting to collect on the note, misrepresenting the amount owed, collecting unauthorized fees, and failing to notify her of her right to dispute the debt. (Am. Compl. 12-14.) However, enforcement of a mortgage through a foreclosure process is not a debt collection activity for purposes of the FDCPA. See Warren v. Countrywide Home Loans, Inc., 342 F. App'x 458, 461 (11th Cir. 2009). Thus, Ms. Bertin's FDCPA claims also must fail.

**C.     FCRA Claims (Count VIII)**

Ms. Bertin generally claims that defendants have not reported her debt dispute to any or all of the consumer reporting agencies. (Am. Compl. 14.) The FCRA imposes duties on those who furnish information to credit reporting agencies in an effort to "ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47,

7

52 (2007). Pursuant to § 1681s-2(a), persons may not knowingly furnish inaccurate information to a consumer reporting agency, must correct any such furnished information, and must notify a consumer reporting agency when any information is disputed by a consumer. 15 U.S.C. § 1681s-2(a)(1)-(3). Congress, however, expressly reserved enforcement of subsection (a) to governmental agencies and officials. Id. § 1681s-2(c)-(d). Thus, even assuming defendants violated the above FCRA provision as plaintiff alleges, she may not maintain that claim. Accordingly, the Amended Complaint fails to state an FCRA claim for which relief can be granted and that claim must be dismissed.

### D. <u>TILA and Regulation Z Claims (Count IX)</u>

Ms. Bertin alleges that defendants failed to provide her with disclosures required under TILA and Regulation Z. (Am. Compl. 15.) While plaintiff is correct that TILA and Regulation Z require lenders to provide borrowers with certain documents, plaintiff's original lender–Bayrock–is not a party to this suit. Moreover, plaintiff does not address how PFG and MERS could be held liable for Bayrock's alleged failure to comply with those provisions. Regardless, actions for damages under TILA and Regulation Z must be filed "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e), see also <u>Simms v. CIT Group/Consumer Fin.</u>, No. 08-

8

2655-STA, 2009 WL 973011, at *3 (W.D. Tenn. Apr. 9, 2009) (stating that claims under Regulation Z have one year statute of limitations); Kelley v. Galveston Autoplex, 196 F.R.D. 471, 477 (S.D. Tex. 2000) (stating that claims under TILA and Regulation Z have one year statute of limitations). Ms. Bertin executed the note on January 31, 2007, but filed the Complaint more than three years later–on July 7, 2010. Consequently, Ms. Bertin is barred from pursing her TILA and Regulation Z claims.

### E. Breach of Contract Claim (Count XI)

Ms. Bertin generally alleges that defendants failed to provide "escrow analysis"; thereby failing to perform a duty owed to her and causing her to rely on their statements to her detriment. (Am. Compl. 16.) However, as observed supra Part III.D, her lender–Bayrock–is not a party to this suit and MERS never serviced the loan. Although PFG apparently serviced the loan for approximately six-months (from the February 27, 2009 assignment until the August 4, 2009 non-judicial foreclosure), plaintiff does not allege that an escrow analysis was due to be performed during that time period or state what injury she suffered due to the alleged failure. Without more, plaintiff's conclusory allegations do not state a breach of contract claim. Moreover, because plaintiff failed to response to PFG's Motion to Dismiss, the Court can assume she does not object to dismissal of this claim. See N.D. Ga. R. 7.1(B) ("Failure to file

9

a response shall indicate that there is no opposition to the motion."). Thus, plaintiff has failed to allege sufficient facts to state a breach of contract claim.

### F. RESPA Claim

The Amended Complaint alleges plaintiff did not receive special information booklets or other disclosures at closing and that the loan was transferred to Taylor, Bean & Whitaker Mortgage Corporation without notice to her. (Am. Compl. 2.) Plaintiff also alleges that she made a Qualified Written Request to "the Servicer and more than 20 days [] passed with no response ." (Id.)

Among other things, RESPA requires lenders to provide borrowers with a special information booklet (§ 2604) and other information regarding affiliated business arrangements (§ 2607). 12 U.S.C. §§ 2604(d), 2607(c)(4). Additionally, upon receipt of a qualified written request from a borrower, § 2605 of RESPA requires a loan servicer to "provide a written response acknowledging receipt of the correspondence within 20 days," and to provide the borrower with the applicable written explanation within sixty days—i.e, make appropriate corrections to the account, provide a written explanation as to why the servicer believes the account is correct, or provide a written explanation as to why the information requested in unavailable. Id. § 2605(e)(1)(A), (e)(2)(A)-(C).

10

Here, plaintiff has failed to assert a claim for relief under RESPA's disclosure requirements. First, as explained above, Bayrock (the original lender) is not a party to this action. Moreover, § 2604 does not provide a private right of action, and claims asserted pursuant to § 2607 have a one-year statute of limitations. See 12 U.S.C. § 2614 (providing for private actions only for violations of §§ 2605, 2607-2608, and stating that actions pursuant to § 2607 have a one-year statute of limitations); Collins v. FMHA-USDA, 105 F.3d 1366, 1368 (11th Cir. 1997) (per curiam) (holding that there is no private right of action under § 2604(c)–requiring a good faith estimate of settlement costs along with booklet).

Second, given the lack of detail regarding when and to whom plaintiff sent her Qualified Written Request, the Court assumes that plaintiff is referring to the request for information from PFG regarding the loan at issue which Ms. Bertin attached to the Amended Complaint and verified on September 2, 2010. (Am. Compl. 35-43.) Although RESPA provides a three-year statute of limitations period for § 2605 claims, plaintiff made the request for information regarding the note more than one year <u>after</u> the loan was discharged via her Deed Under Power of Sale to PFG–dated August 2009.

11

Any request to PFG for loan servicing information at this late date is moot.[10] Therefore, Ms. Bertin has failed to state a claim under RESPA for which relief may be granted.

G. **Plaintiff's Request for Rescission**

Ms. Bertin seeks to rescind the January 31, 2007 loan agreement pursuant to TILA and Regulation Z. (Am. Compl. 3.) Section 1635(a) of TILA gives borrowers three days to rescind a transaction where a lender takes a nonpurchase-money security interest in a person's principal dwelling. 15 U.S.C. § 1635(a). Sections 226.15 and 226.23 of Regulation Z govern that rescission right with regard to open-end and closed-end credit transactions, respectively. 12 C.F.R. §§ 226.15, -.23. Additionally, actions for damages under TILA and Regulation Z must be brought within the one-year statute of limitations period. 15 U.S.C. § 1640(e); In re Smith, 737 F.2d 1549, 1552 (11th Cir.1984) ("To bring an affirmative action against a creditor for statutory damages, the debtor must bring the action 'within one year from the date of the occurrence of the violation.'" (quoting 15 U.S.C. § 1640 (e)).

---

[10] It appears that PFG serviced the debt for approximately six months, as MERS assigned PFG the loan on February 27, 2009, and the non-judicial foreclosure occurred on August 4, 2009. (See Mot. Dismiss Ex. 3; Mem. Supp. Mot. Dismiss [5-1] 3-4.)

12

Here, Ms. Bertin filed the initial Complaint on July 7, 2010, well beyond the one-year statute of limitations period. Additionally, she has not alleged any specific acts of fraud regarding the loan that might toll the statute of limitations. Accepting Ms. Bertin's allegations as true, the Court concludes that she is not entitled to rescind the loan under TILA or Regulation Z, and that the facts set forth on the face of his Complaint reveal that any rescission claim is time-barred. See Omar ex. rel. Cannon v. Lindsey, 334 F.3d 1246, 1251 (11th Cir. 2003) (per curiam) (explaining that "it is proper to grant a Rule 12(b)(6) motion if noncompliance with the statute of limitations is apparent on the face of the complaint"). Thus, Ms. Bertin's request for rescission of the note must be denied.

## IV.   CONCLUSION

For the above reasons, the undersigned **RECOMMENDS** that the instant Motion to Dismiss [5] be **GRANTED** as to all claims asserted against PFG and MERS, and that this action be **DISMISSED** entirely.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

13

**SO RECOMMENDED**, this 7th day of January, 2011.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SHEILA BERTIN,<br><br>        Plaintiff,<br><br>v.<br><br>PFG MORTGAGE TRUST,<br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.,<br><br>        Defendants. | CIVIL ACTION FILE<br><br>NO. 1:10-CV-02098-RWS-WEJ |

**ORDER FOR SERVICE OF**
**FINAL REPORT AND RECOMMENDATION**

Let this Final Report and Recommendation of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and the Court's Local Rule 72.1B, be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Final Report and Recommendation within fourteen (14) days of the receipt of this Order. Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to any transcripts if applicable) and shall be served upon the opposing party. The party filing objections will be

responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the Final Report and Recommendation may be adopted as the opinion and order of the District Court, and any appellate review of factual findings will be limited to a plain error review. <u>United States v. Slay</u>, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

The Clerk is directed to submit the Final Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**SO ORDERED**, this 7th day of January, 2011.

_____
WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE

2